UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>JOSE M. RODRIGUEZ,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO.  4:14-40042-TSH |

MEMORANDUM AND ORDER ON MOTION TO VACATE (Docket No. 94)

MARCH 5, 2021

**HILLMAN, D.J.,**

In this habeas petition, Jose M. Rodriguez moves to vacate his August 2015 felon-in-possession conviction under 18 U.S.C. § 922(g)(1) pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), in which the Supreme Court held that the Government must prove that the defendant knew they belonged to a category of persons the statute prohibits from carrying a gun when they were in possession to sustain a § 922(g)(1) offense.  After hearing, Mr. Rodriguez's motion to under 28 U.S.C. § 2255 to vacate his conviction is ***denied***.

Background

On August 23, 2015, Rodriguez pled guilty to Conspiracy to Possess with Intent to Distribute and Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count 1); Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Counts 2-5); and Felon in Possession of a

Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 8). He was sentenced to 63 months' imprisonment and 4 years of supervised release. (Docket No. 64).

*First Motion to Vacate*

Rodriguez filed his first § 2255 motion to vacate his conviction on December 5, 2016, alleging ineffective assistance of counsel. (Docket No. 76). First, he alleged that his attorney unreasonably advised him to plead guilty to the § 922(g)(1) felon-in-possession charge because his transitory possession of the gun did not amount to the required exercise of authority, dominion or control required by *U.S. v. Teemer*, 394 F.3d 59 (1st Cir. 2005). Second, he alleged that his attorney should have challenged the total quantity of cocaine base attributed to him in the Court's Presentence Investigation Report. (*Id.*).

I found that there was adequate factual support for the Defendant's guilty plea to the felon-in-possession charge and that his counsel's representation did not fall below the objective standard of reasonableness required by *Strickland v. Washington*, 466 U.S. 668 (1984), and denied the motion. (Docket No. 83).

*Rehaif v. United States*

18 U.S.C. § 922(g) bars nine categories of individuals from possessing firearms, including convicted felons.[1] Knowing violations are punishable by fines or up to 10 years' imprisonment. § 924(a)(2).

---

[1] The nine categories are: 1) convicted felons; 2) fugitives; 3) unlawful users or those addicted to controlled substances; 4) individuals adjudicated as a mental defective or who have been committed to a mental institution; 5) illegal aliens; 6) individuals with dishonorable discharges from the Armed Forces; 7) individuals who have renounced U.S. citizenship; 8) individuals

2

On June 21, 2019, the Supreme Court held that in prosecutions under § 922(g) and § 924(a)(2), the Government must prove that "the defendant knew he possessed a firearm <u>and also</u> that he knew he had the relevant status when he possessed it." *Rehaif* at 2194 (2019) (emphasis added).

*Second Motion to Vacate*

Post-*Rehaif* and while on supervised release,[2] Rodriguez timely filed a second § 2255 motion to vacate his § 922(g) felon-in-possession conviction on August 18, 2020. (Docket No. 97). His second motion argues that: (1) the Court did not have jurisdiction to sentence him because the indictment did not allege knowledge of status as an essential element of the offense, in violation of his Fifth Amendment right to be charged by a grand jury and his Sixth Amendment right to notice of the charges laid against him; and (2) his guilty plea was not made knowingly and voluntarily because the Court did not inform him that knowledge of status was an essential element of the offense, and so violated his Fifth Amendment right to due process.

---

subject to certain types of court orders; and 9) individuals who have been convicted of misdemeanor domestic violence.

[2] § 2255 petitions may only be filed by "a prisoner in custody under sentence of a court authorized by an Act of Congress." Rodriguez was serving his four-year term of supervised release when he filed the instant motion. However, the Supreme Court has construed § 2255's custodial requirement liberally, finding that paroled prisoners are deemed to be in custody when the terms of release impose significant restraints on their liberty compared to the restraints on the general population. *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963). Rodriguez's conditions of supervised release, which include requiring him to obtain permission to travel; allow probation officers to visit him at home or elsewhere at any time; cooperate with DNA collection; abstain from possessing firearms or any dangerous weapons; obtain or seek employment; avoid certain locations associated with the underlying offense; and participate in substance abuse and counseling programs, constitute significant and ongoing restraints against his liberty that render him "in custody" for purposes of § 2255.

## Analysis

The Defendant's motion is barred because he has not followed the proper procedure laid out in §§ 2255 and 2244 for successive petitions.

*Successive § 2255 Motions Must be Pre-Certified by an Appellate Court.*

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals." § 2244(a)(3)(A) requires a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the application" *before* a second or successive application is filed with the district court.

Upon receiving an application for a successive petition, a three-judge panel of the court of appeals determines if the petitioner has made a prima facie showing that the claim for relief was not presented in a prior petition and either:

> "1) relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> 2) the factual predicate for the claim could not have been discovered earlier through the exercise of due diligence, and the facts would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder could have found the applicant guilty of the underlying offense."

Because this is Rodriguez' second motion to vacate pursuant to § 2255, the certification rule applies. Likely owing to the late appointment of CJA counsel, Rodriguez did not seek certification with the First Circuit before filing this motion.

When faced with a successive § 2255 petition, a district court must either dismiss it or transfer it to the appropriate court of appeals. *Pratt v. U.S.*, 129 F.3d 54, 57-58 (1st Cir. 1997). A district court may transfer an action over which it lacks jurisdiction to an appropriate court

where the action could have been brought if transfer is in the interest of justice; the action will then proceed as if it were filed in the transferee court on the same date that it was filed in the transferor court. 28 U.S.C. § 1631.

*Transfer to the Appeals Court is Not in the Interest of Justice.*

If I dismiss this motion, then AEDPA's one-year statute of limitations for filing § 2255 petitions based on new law will foreclose any avenue to *Rehaif* relief.  *See* 28 U.S.C. § 2255.

I am mindful that the U.S. District Court for the District of Massachusetts sought to prevent defendants who may be eligible for *Rehaif* relief from falling victim to § 2255's one-year bar.  On September 18, 2019, the District issued General Order 19-4 directing the Federal Public Defender ("FPD") to develop a list of defendants who might be eligible for relief under *Rehaif* and authorizing the FPD to file motions for relief on their behalf.  General Order 19-4, https://www.mad.uscourts.gov/caseinfo/pdf/general/09%2018%202019%20General%20Order%2019-4%20w%20Electronic%20Signatures.pdf .  Where a defendant was previously found to be indigent and represented by a CJA attorney who was no longer on the CJA panel, the Court ordered the FPD to file a request to be appointed as counsel or refer the case to a member of the CJA habeas panel or a qualified attorney, who would then file a motion with the Court for an appointment.  Order 19-4 at 2.

FPD identified Rodriguez as a potential candidate for *Rehaif* relief.  Because his trial attorney was no longer on the CJA panel, a new attorney needed to be identified.  No motion for appointment was filed for eight months after Order 19-4.  When Attorney Tumposky was appointed on May 27, 2020, he had about three weeks to learn the case, draft and file a motion for certification with the First Circuit, obtain an answer on certification (the statute provides

circuit courts up to 30 days to respond), and file a motion in the district court before the one-year statute of limitations tolled.

This was not a feasible timeline. On June 19, 2020, Rodriguez filed his second motion to vacate without having obtained appellate certification.

Honoring the spirit of Order 19-4, it would be in the interest of justice to transfer rather than dismiss Rodriguez's motion— knowing such a dismissal would be fatal—if it might have merit. Accordingly, I examined whether the First Circuit would be likely to certify the motion if I transferred it and— if the First Circuit did issue a certification—whether the district court would be likely to grant relief if it were authorized to act on the motion.

To obtain certification from the First Circuit, the Defendant must show that his proposed successive § 2255 motion contains "(1) newly discovered evidence . . .; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Because there is no new evidence at issue, to obtain First Circuit certification Rodriguez must show that *Rehaif* announced a new and retroactive rule of constitutional law.

The First Circuit has not issued an opinion on this issue, but the Second, Third, Sixth, and Eleventh Circuits have held that *Rehaif* does not authorize successive § 2255 petitions because it announced a new statutory interpretation, not a new rule of constitutional law. *Mata v. United States*, 969 F.3d 91 (2d Cir. 2020) (per curiam); *In re Kareem Simpson*, (3d Cir. 2020); *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam); *Khamisi-El v. United States*, 800 F.App'x 344, 349 (6th Cir. 2020).

I concur with our sister circuits and find that if I transferred Rodriguez's motion to the First Circuit, it would likely deny review because *Rehaif* is not a new rule of constitutional law.

6

*Rehaif* clarifies that under 18 U.S.C. §922(g), which punishes anyone who "knowingly violates" it with up to ten years in prison, the Government must prove that the defendant knew he violated each of the material elements of the statute: that he possessed a firearm <u>and</u> that when he possessed the firearm, he knew he belonged to one of the nine groups listed in the statute. *Rehaif* at 2194. It is limited to the *mens rea* element of §922(g) and did not create a broader constitutional rule which is applicable outside § 922(g) prosecutions.

Even if the First Circuit found that *Rehaif* was a constitutional rule and certified it so that I could reach the merits, Rodriguez's *Rehaif* claim would be procedurally defaulted for failure to raise it at trial or on direct appeal unless he could show cause for the default and actual prejudice caused by the error. *Bousley v. United States*, 523 U.S. 614, 622 (1998).

I do not reach the issue of procedural default because Rodriguez cannot make the necessary prejudice showing. To demonstrate actual prejudice in cases that culminate in a plea rather than a trial, a petitioner "must show that there is a reasonable probability that but for [the] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Rodriguez claims there is no evidence in the record that he knew he was a felon when he was apprehended carrying a loaded gun, implying that he might not have pled guilty if he had known the Government needed to prove knowledge of status.

I do not find Rodriguez's argument credible and agree that federal prosecutors would have been easily able to prove that Rodriguez knew he was a felon when he carried the loaded handgun based on his prior state convictions. The indictment alleged that Rodriguez committed the felon-in-possession offense on October 17, 2013. (Indictment at 9, Docket No. 97-1). On January 10, 2012, he pled guilty in state court to receipt of stolen property, carrying a loaded

firearm without a license, and reckless driving, and was sentenced to 2.5 years of probation. (Presentence Investigation Rep. at 12, Docket No. 100). He violated the terms of his probation and was sentenced to 2.5 years in prison on June 5, 2012, with 60 days to be served and the remaining sentence suspended for two years. (*Id*.; Worcester District Court Criminal Docket Excerpt at 2-3, Docket No. 102-1).

Rodriguez contends there is a reasonable probability that he would have risked going to trial if he had known that Government would have to prove that he knew he was a felon in October 2013 because he had previously only served 2 months of his 30-month sentence for parole violation. However, at his parole violation hearing 16 months earlier, the state court judge would have announced the length of his sentence before committing him, as required by state law. See *U.S. v. Burghardt*, 939 F. 3d 397, 404 (1st Cir. 2019); *MacArthur v. U.S.*, 2020 WL 1670369 (D. Me. 2020). Notably, Rodriguez did not claim or submit any evidence—such as a transcript of the state court probation violation proceedings—which showed that he was never informed that he was being sentenced for a crime punishable by more than one year.

Finally, Rodríguez argues that the Court's failure to advise him of the knowledge of status requirement prior to his guilty plea was structural error, so he does not need to show prejudice to obtain relief. He notes that the Fourth Circuit vacated a guilty plea on direct appeal because of the court's failure to instruct the Defendant on the *Rehaif* knowledge of status requirement and has held that such a failure satisfies the third prong of the plain error test. *U.S. v. Gary*, 954 F.3d 194, 200-07 (4th Cir. March 23, 2020). However, *Gary* is at odds with the First Circuit's post-*Rehaif* precedent—as well as precedent from six other circuits— that defendants like Rodriguez who fail to object to a *Rehaif* error at trial "must demonstrate prejudice in the form of "a reasonable probability that, but for this purported error, he would not

have pled guilty.'"" *U.S. v. Burghardt*, 939 F.3d 397, 402-03 (1st Cir. 2019); *U.S. v. Pantone* (1st Cir. 2021) (affirming *Burghardt*, noting that the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits have adopted similar approaches requiring defendants subject to *Rehaif* errors to meet reasonable probability standard).

## Conclusion

I find that it is not in the interest of justice to transfer Mr. Rodriguez's successive § 2255 motion to vacate his felon-in-possession conviction to the First Circuit. For the reasons stated above, Mr. Rodriguez's motion to vacate his conviction is ***denied***.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**